THE STATE v. PIERRE BOISSEAU and others.

No proof will be required of the signatures to a bail bond, taken and attested offi-
cially by a justice of the peace.

When a bond has been executed by filling up a printed form, interlineations made in
consequence of want of space to contain all the necessary writing, will be con-
sidered as sufficiently accounted for.

APPEAL from the District Court of East Baton Rouge, *Jones*, J.
This case was submitted to the court by the Attorney General,
without argument.

GARLAND, J.   Francis Nephler is appellant from a judgment
rendered against him, as bail for the appearance of Pierre Boisseau
before the District Court of the parish of East Baton Rouge.   The
principal did not appear when finally called on, and a forfeiture
*nisi* was taken against him and his bail.   On the trial, the District
Attorney offered in evidence the bond executed by Boisseau as
principal, and Nephler and Charles Vincent as his securities.   The
counsel for the defendants objected to the bond being received in
evidence, because the signature was not proved, and because the
name of ' Boisseau, and the words five hundred dollars for each se-
curity, were interlined.'   The District judge overruled the objec-
tions, on the grounds, that the bond was taken and attested officially
by a justice of the peace of the parish, and that the interlineations
were sufficiently accounted for, from the circumstances of the bond
being a printed form, in which not sufficient space was left to con-
tain all the writing that was necessary to state the sums, the inter-
lineations being in the same hand writing and with the same ink.
The defendants excepted to this opinion, and there being a judg-
ment against Boisseau for $1000, and against Vincent and Nephler
for $500 each, the latter appealed.

The only point in the case is upon the bill of exceptions, and we
are of opinion the judge did not err.   The bond was an official act,
taken by and in presence of a competent authority, and it was the
duty of the Court to notice it.   The original bond has come up with
the record, and it is plain that the interlineations were made as
stated in the bill of exceptions.   There is no special denial of the
signatures, nor is it pretended that any change was made in the
obligation, after it was signed, or any fraud or deception practised.

*Judgment affirmed.*